**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YOLANDA VILLALTA and VICTOR VILLALTA, | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-1044 |
| v. | (JUDGE CAPUTO) |
| WAL-MART STORES, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the plaintiffs file an amended complaint.

### **Background**

Plaintiffs filed a complaint against defendant Wal-Mart, Inc. (Doc. No. 1.) The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes the plaintiffs as "resid[ing]" in Pennsylvania. Wal-Mart is described as a "corporation authorized to do business in Pennsylvania, with a principal place of business located [in Pennsylvania]."

### **Analysis**

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).  In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

The complaint fails to adequately allege diversity of citizenship. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of

incorporation and its principal place of business.")). Here, the plaintiffs fail to properly allege the citizenship of a single party. The Court is informed of the states in which the plaintiffs "reside." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). Likewise, the complaint fails to inform the Court of the states in which the defendant is incorporated and where it maintains *its* principal place of business. Stating where the defendant maintains *a* principal place of business is not sufficient, for a corporation can have only one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "*its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192. Moreover, if the state in which the defendant maintains its principal place of business is Pennsylvania, there can be no diversity jurisdiction.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiffs are directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiffs are further advised that failure to respond

in the manner explained above will result in the dismissal of the complaint. An appropriate order follows.


July 7, 2011                                                       /s/ A. Richard Caputo
Date                                                                 A. Richard Caputo
                                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YOLANDA VILLALTA and VICTOR VILLALTA,  Plaintiff  v.  WAL-MART STORES, INC.,  Defendant. | NO. 3:11-CV-1044  (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 7th day of July, 2011, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, Plaintiffs may file an amended complaint.

2) Plaintiffs' failure to file an amended complaint will result in dismissal of this action.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge